789 P.2d 534

**Dalice CHESTER, Plaintiff–Respondent,**

v.

**STATE FARM INSURANCE COMPANY, an insurance company licensed to do business in the State of Idaho, Defendant–Appellant.**

No. 17868.

Court of Appeals of Idaho.

April 5, 1990.

Quane, Smith, Howard & Hull, Boise, for defendant-appellant. John P. Howard, argued.

Harris & Sutton, Boise, for plaintiff-respondent. Jim C. Harris, argued.

BURNETT, Judge.

This appeal presents issues relating to an insurance contract and the tort of bad faith. Dalice Chester, a farmer, sued the State Farm Insurance Company, seeking payment of insurance proceeds after the destruction of his barn by fire. In addition, he sought damages for State Farm's alleged bad faith delay in processing his claim. On summary judgment, the district court determined the amount owed to Chester, interpreting the insurance policy to cover replacement cost of the destroyed property. A jury trial followed on the issue of bad faith, resulting in a verdict for Chester. State Farm filed this appeal, challenging both the summary judgment and the jury verdict. For reasons explained below, we vacate the summary judgment on the replacement cost issue and remand the case for further proceedings. We affirm the judgment on the jury verdict independently finding bad faith delay by the insurance company.

The underlying facts are as follows. Dalice Chester contracted with State Farm for insurance coverage on his barn. Later, he asked State Farm's agent, Paul Ward, to increase the coverage on the barn in order to protect the personal property inside. There is some dispute as to the amount by which coverage was subsequently increased. In January, 1985, the barn and its contents were destroyed by fire. Chester filed a claim and was informed that by the terms of his policy, he was entitled only to the actual cash value of the barn—at most, $50,000. Chester informed State Farm that he believed his policy entitled him to the replacement cost of the barn, up to $95,000. State Farm offered Chester the actual cash value of the barn as part of a settlement. Chester refused the offer and brought this suit.

Both parties filed cross-motions for partial summary judgment on the issue of whether the insurance policy provided for the barn's full replacement cost as opposed to the actual cash value. The district court determined that there was an oral contract insuring the barn for its replacement cost. State Farm moved unsuccessfully for reconsideration. State Farm then filed an additional motion for partial summary judgment, seeking to determine whether the insurance policy's replacement cost limits were applicable to the oral contract and whether Chester's claim of bad faith in tort raised a genuine issue of fact. The district court initially decided to apply the policy's replacement cost limits, but then—in an amended judgment—held that the limits did not apply. The court also determined that the claim of bad faith presented a triable issue. A jury trial was held on the bad faith issue, and the jury returned a special verdict against State Farm. Motions for a judgment n.o.v. and a new trial were denied.

On appeal, State Farm now contends that the district court erred in determining that the barn was insured for replacement value, because there was a genuine issue of material fact concerning representations allegedly made by State Farm's agent. State Farm further argues that the jury's verdict on bad faith is not supported by substantial evidence. We will discuss these issues in turn.

I

We first consider whether the barn was insured for replacement cost value. Our review is governed by well settled standards. Where, as here, the issue is presented on appeal from a summary judgment we construe the narrative facts liberally in favor of the party resisting the summary judgment motion. *Anderson v. Ethington*, 103 Idaho 658, 660, 651 P.2d

923, 925 (1982). We review freely the district court's conclusions of law.

In the case before us, the district court's decision was grounded on two legal theories. First, the court relied on *Foremost Ins. Co. v. Putzier*, 102 Idaho 138, 627 P.2d 317 (1981), and determined implicitly that an oral contract for replacement cost had been created. Second, the court decided that State Farm was estopped from refusing to pay the replacement cost.

■ In *Foremost*, our Supreme Court held that when an insurance company does not send a copy of the insurance policy to the insured, it is bound by any representations made to the insured by its agent. Essentially, by failing to comply with the provisions of I.C. § 41–1824, which requires every policy be delivered to the insured, the insurer places itself at risk of having representations made by its agent treated as contract terms. Here, the record does not show that Chester received a copy of the insurance policy for the barn. Consequently, State Farm is bound by any representations made to Chester by State Farm's agent, Paul Ward.

■ The facts concerning those representations may be summarized briefly. After purchasing insurance for his barn, Chester met with Ward and discussed coverage for personal property within the barn. Due to State Farm's regulations, the personal property could not be insured for the amount Chester desired unless Chester also increased his coverage on the barn. Chester has alleged that during their conversation, Ward stated, "You cannot replace this building for $50,000." Chester subsequently agreed to place additional coverage on the barn. Later, after returning from a trip away from home, Chester found two documents on his back door. There was a certificate of insurance indicating additional coverage on the barn, as well as a bill. There was also a note from Ward stating, "Sorry I missed you. Here is the farm policy and a billing for the additional amount we put on the barn, etc. If you have any questions call. Paul." Based on this evidence, the district court concluded that Ward had made representa-

tions creating an oral contract that State Farm's coverage included the replacement cost of the barn.

However, viewing this evidence in the light most favorable to State Farm, we believe there is a material question as to whether an oral contract for replacement cost insurance was created. Clearly, an inference *could* be drawn that during the conversation Ward suggested purchasing replacement cost insurance and that Chester agreed to this suggestion. But a factfinder also *could* determine that the insurance limit on the barn was raised in order to insure the barn's contents, and that Ward was merely making a casual observation when he said the barn could not be replaced for $50,000. Because a fact-finder could reasonably reach different conclusions, we believe the case should have been submitted to a jury for a resolution of this issue. Therefore, we vacate the judgment granting the motion for summary judgment.

In so doing, we note that the district court also determined the replacement cost limits contained in the policy were inapplicable because they were contained in that part of the policy addressing home insurance, not the section addressing barn insurance. We think this issue is also one best left to the jury. Since a jury must determine whether an oral contract for replacement cost insurance was in fact created, it should also determine the scope of and limits to the contract.

Having analyzed this case under an oral contract theory, we see no reason to address the estoppel theory. According to *Foremost*, Chester can prevail at trial simply by showing an absence of an insurance policy and representations by Ward that Chester was purchasing replacement cost insurance. Under an estoppel theory, Chester would also have to show reasonable reliance and detriment. Consequently, we believe on remand that this case will probably be tried on the simpler oral contract theory; we have no occasion, therefore, to analyze the facts presented under a theory of estoppel.

## II

We now turn to the jury's determination that State Farm acted in bad faith. State Farm does not contend that the jury was wrongly instructed on the law, but that its finding is not supported by substantial evidence. As an appellate body, we are not fact-finders. Consequently, we will not disturb a jury's verdict if it is supported by substantial and competent evidence, even if we entertain doubt as to which party's version of the conflicting facts is more probable. *Challis Irrigation Co. v. State*, 107 Idaho 338, 348, 689 P.2d 230, 240 (Ct.App. 1984) (review denied).

In order to prove bad faith, an insured must show that the insurer intentionally or unreasonably denied or delayed payment of his claim. *White v. Unigard Mutual Insurance Co.*, 112 Idaho 94, 730 P.2d 1014 (1986). Mere failure to settle a debatable claim does not constitute bad faith. *Greene v. Truck Ins. Exchange*, 114 Idaho 63, 753 P.2d 274 (Ct.App.1988) (review denied). Here the dispute over replacement cost versus actual cash value was fairly debatable. State Farm could not be deemed in bad faith for refusing to pay replacement cost until the issue was adjudicated. Consequently, in order to prevail on his bad faith claim, Chester had to show that State Farm intentionally and unreasonably delayed payment on other amounts due under the insurance contract. These amounts included clean up cost, coverage on the personal property in the barn, and the actual cash value of the barn, which even State Farm conceded it owed.

While State Farm contends that its actions were reasonable, there is evidence in the record on which the jury could have found that State Farm unreasonably and intentionally delayed payment on the undisputed claims. Chester's barn was destroyed in January, 1985. According to Chester, State Farm made no offer of a settlement for the actual cash value of the barn and the personal property until August of that year. Some of this delay was caused by Chester's failure to return certain claim forms; however, the evidence also indicates State Farm failed to supervise its adjuster's handling of the case. Had the adjuster been properly supervised, he could have ensured that the forms were returned and processed quickly. Instead, Chester's file remained virtually inactive for months.

Moreover, the record shows that State Farm repeatedly rejected Chester's personal inventory forms. After submitting one set, Chester was informed by State Farm that he had been given the wrong forms. Upon completing the second set of forms, Chester was told they had been improperly filled out, and he was forced to return home with a third stack to try again. An expert testified at trial that this prolonged and confusing process could have been a tactic used by State Farm to "starve out" Chester. Finally, when State Farm finally offered the money it conceded was due, it is not clear that this offer was made without strings attached. Chester understood the offer to be one for a final settlement, acceptance of which would preclude him from suing for the disputed amounts. Accordingly, he rejected the offer. Based on this evidence, we decline to disturb the jury's finding that State Farm acted in bad faith.

In conclusion, we vacate the order granting the motion for summary judgment and remand for proceedings in accordance with our opinion. We affirm the judgment for Chester on the tort of bad faith. Both parties having prevailed in part on appeal, we decline to award attorney fees or costs.

WALTERS, C.J., and WESTON, J. Pro Tem., concur.